VILLANTI, Judge.
In this appeal from his conviction for murder, Timothy L. Humphrey challenges, inter aha, the trial court’s denial of his nondispositive motion to suppress evidence. We affirm on all grounds but write to address one of the issues raised by Humphrey because it appears to be an issue of first impression in Florida dealing with the applicability of the husband-wife privilege to cellular telephone calls.
At trial, the State sought to introduce records obtained from Humphrey’s cellular telephone provider. The records were part of the telephone company’s billing system. On July 5-6, 2008, the evening of the murder,[1] Humphrey and Ashley, his new wife,[2] made numerous cellular telephone calls to each other. The records which the State sought to introduce at trial reflected the number of calls between Ashley’s and Humphrey’s cellular telephones on the night of the murder, the times of the calls, as well as the duration of the calls and the relative physical location[3] of Ashley’s and Humphrey’s cellular telephones at the time of the calls. The records placed Ashley’s cellular telephone near the location of the victim’s workplace just hours before the murder and near the murder scene around the time of the murder. The records did not reflect the actual substance of the cellular telephone conversations between Ashley and Humphrey.
Humphrey filed a motion to suppress introduction of the cellular telephone records, arguing that the records were protected from disclosure by the husband-wife privilege, section 90.504, Florida Statutes (2003). After a hearing, the trial court denied Humphrey’s motion, finding that the records produced by the telephone company did not fall within the marital privilege. The case proceeded to trial before a jury, Humphrey was found guilty of murder in the first degree, and he was sentenced to life in prison. He challenges the trial court’s denial of his motion to suppress. We affirm the trial court’s order.
Section 90.504(1) provides:
*285 A spouse has a privilege during and after the marital relationship to refuse to disclose, and to prevent another from disclosing, communications which were intended to be made in confidence between the spouses while they were husband and wife.
There is nothing inherently privileged about the mere occurrence of a cellular transmission between spouses — this communicates no substance of what was said by either spouse. The husband-wife privilege does not protect testimony as to the fact that a communication between husband and wife took place; only the substance of the communication is protected. See Kerlin v. State, 852 So.2d 45, 52 (Fla.1977). Therefore records obtained from a telephone company, which simply reflect the time, date, length, and location of a telephone call, are not communications falling within the purview of the husband-wife privilege. See, e.g., Thurman v. Commonwealth, 975 S.W.2d 888, 897 (Ky.1998) (holding that telephone records showing that a telephone call had been made between spouses did not implicate the spousal privilege where the content of the conversation was not revealed). Thus the trial court correctly denied Humphrey’s motion to suppress evidence of the cellular telephone records, as these records did not involve the husband-wife privilege.
Affirmed.
DAVIS and LaROSE, JJ., Concur.

. The victim in this case was also the victim in a felony battery trial pending in Hillsbor-ough County against Humphrey at the time she was murdered. Witnesses testified at trial in this case that Humphrey was very concerned about that upcoming felony trial.

. Humphrey and Ashley were married on July 4, 2003, the day before the murder. At trial Ashley testified that prior to their marriage she and Humphrey discussed murdering the victim and that, while planning the murder, Humphrey told Ashley that if they were married they would not be able to testify against each other if arrested for the crime. Ashley also testified that prior to their marriage Humphrey hired an attorney to consult with her about the legal effect of a wife testifying against her husband.

.Through technology and the location of cellular telephone towers, cellular telephone providers are able to trace the geographical area where a particular cellular telephone is located when it transmits or receives calls.